IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RONEE DAMIEN WILLIAMS, § <br> #43590-177, § <br> MOVANT, § <br> § <br> v. § <br> § <br> UNITED STATES OF AMERICA, § <br> RESPONDENT. § | CIVIL CASE NO. 3:22-CV-1406-N-BK <br> (CRIMINAL CASE NO. 3:16-CR-055-N-2) |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. For the reasons that follow, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for want of prosecution.

On August 2, 2022, the Court issued a deficiency order in accordance with *Castro v. United States*, 540 U.S. 375, 383 (2003), which required Movant to either (1) withdraw the request to appoint counsel, which the Court had recharacterized as his first § 2255 motion, or (2) amend the same so that it contains all claims that Movant wants to raise with respect to his conviction and/or sentence. Doc. 5. The deadline for Movant's response was August 30, 2022. As of the date of this recommendation, however, Movant has not responded to the Court's order, nor has he sought an extension of time to do so. In addition, on August 22, 2022, the deficiency order was returned to the Court as undeliverable, Doc. 6., and as of the issuance of this recommendation, Movant has not provided his current address to the Court.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Movant has been given ample opportunity to respond to the Court's order. He has impliedly refused or declined to do so. In addition, the Court is not required to delay disposition in this case until such time as Movant provides a current address. Consequently, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* FED. R. CIV. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).[1]

**SO RECOMMENDED** on October 18, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[1] A motion to vacate sentence must be filed within the one-year statute of limitations, *see* 28 U.S.C. § 2255(f), which applies to this motion to vacate sentence and any subsequent motion to vacate sentence filed.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).